IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WARREN EASTERLING, | : |
| | : Case No. 3:15-CV-257 |
| Plaintiff, | : |
| | : JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : |
| WALTER H. RICE, *et al.* | : |
| | : |
| Defendants. | : |

### OPINION & ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Temporary Injunction, (Doc. 3), and Plaintiff's First Addendum to the Motion for Temporary Injunction, (Doc. 8). In this action, Plaintiff, proceeding *pro se*, brings suit against Defendants, alleging violation of 42 U.S.C. § 1985. (*Complaint*, Doc. 1). In the present motion, Plaintiff seeks a temporary and preliminary injunction relieving him of any requirements to obey an order issued by Defendant Judge Walter H. Rice, barring Plaintiff from entering the United States District Court Building and Office Complex, located at 200 W. 2nd Street, in Dayton, Ohio, (*see* Doc. 1-3), "ceas[ing] enforcement" of the same, and removing all cases filed by Plaintiff from Defendants' personal jurisdiction. For the reasons that follow, Plaintiff's Motion for Temporary Injunction (Doc. 3) and Plaintiff's First Addendum to the Motion for Temporary Injunction (Doc. 8) are **DENIED**. Plaintiff's Motion for Wavier of Security (Doc. 2) is **MOOT**.

### I.     BACKGROUND

In his motion seeking injunctive relief, Plaintiff requests an order from this Court relieving him of any requirements to obey an order issued by Defendant Judge Walter H.

Rice barring Plaintiff from entering the United States District Court Building and Office Complex, located at 200 W. 2nd Street, in Dayton, Ohio, (*see* Doc. 1-3, hereinafter "the August 1, 2014 Court Order), "ceas[ing] enforcement" of the same, and removing all cases filed by Plaintiff from Defendants' personal jurisdiction.

The August 1, 2014 Court Order issued by Judge Rice states that, as a result of Plaintiff's "penchant to phone, in a repeated fashion, the office of United States Magistrate Judge Michael Merz" to express frustration with the legal system, repeated visits to the office of the Clerk of Courts for a similar purpose, the United States Marshals Service directed the Court Security Officers to escort Plaintiff to each office he desired to contact during every occasion on which he entered the building. According to the Court Order, on July 30, 2014, Plaintiff "engaged in belligerent, verbal altercation with several Court Security Officers which, according to reports, came very close to a physical altercation and the detention of Mr. Easterling until he could be arrested[.]" The Court Order noted that Plaintiff's conduct had "become more and more disruptive over the past several weeks."[1] For those reasons, the Order declared that Plaintiff was barred from entering the United States District Court Building and Office Complex without prior written permission of the Chief Judge of the United States District Court for the Southern District of Ohio.

On July 28, 2015, Plaintiff filed this action in the Western Division of the United States District Court for the Southern District of Ohio. On that same day, Plaintiff filed the present motion requesting injunctive relief. On July 29, 2015, Judge Rice recused and transferred the case to Chief Judge Edmund A. Sargus, Jr. for reassignment to any

---

[1] The August 1, 2014 Order also indicated that Plaintiff was to be declared a vexatious litigator in a filing to be issued several days after it was filed.

2

judicial officer in the District not in the Dayton seat of court. (Doc. 6). On August 12, 2015, this action was reassigned to this Court for adjudication. Plaintiff's Motion is ripe for decision.

## II. DISCUSSION

To determine whether a party is entitled to a preliminary injunction under Fed.R.Civ.P. 65(a), the Court is required to weigh four factors: (1) the likelihood that the movant will succeed on the merits of the claim; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest. *Hunter v. Hamilton County Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011); *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). The Court should not consider the factors as prerequisites to be met; no one factor is dispositive. *Edward Rose & Sons*, 384 F.3d at 261 (6th Cir. 2004). Rather, the Court must balance these four factors in deciding whether preliminary injunctive relief should issue. *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). These same factors are to be considered in addressing a request for temporary injunctive relief under Fed.R.Civ.P. 65(b). *See, e.g.*, *Hunter*, 635 F.3d at 233; *Northeast Ohio Coal. for Homeless and Serv. Emp. Intern. Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004).[2]

---

[2] Plaintiff has represented that he did not provide notice to the Defendants that he was seeking a TRO. (Doc. 3 at 4). Federal Rule of Civil Procedure 65 provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

The Court finds that the relevant factors weigh in favor of denying Plaintiff's Motion.

### A. Likelihood of Success

Plaintiff's Complaint brings one claim against Defendants for violation of 42 U.S.C. § 1985, alleging "Defendants conspired to obstruct justice and deprive the Plaintiff of rights granted to all citizens with no basis in law." As support for his claim, Plaintiff references Defendant Judge Rice's August 1, 2014 order barring him from entering the courthouse, and asserts that Defendant Jeremy Rose ordered a member of the U.S. Marshal's Service to "taze" him and subsequently take him into custody when "initiating the enforcement of the court order." Even holding Plaintiff's Complaint to the less stringent standard afforded to pleadings by pro se parties, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), it is unlikely that Plaintiff's Complaint can survive a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and therefore his claim is unlikely to be successful.[3]

---

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1). Accordingly, the Court is precluded from issuing the TRO unless the Plaintiff satisfies the requirements of subsections (A) and (B). Here, the Plaintiff has not. The Plaintiff has failed to demonstrate that he lacked time to provide notice to Defendants before immediate and irreparable injury would occur; he merely makes a conclusory assertion that he could contact Defendants in a timely fashion. Further, Plaintiffs explanation as to why no notice was provided to the other Parties is not acceptable to the Court. Plaintiff states that notice of this action should be excused because his constitutional rights are being violated by the order he challenges in this action, and therefore the order is illegal. Even if the order Plaintiff challenges is illegal, that illegality does not put Defendants on notice of the possibility that Plaintiff is seeking a temporary and permanent injunctive relief against them in Federal Court. Thus, this Court notes, that Plaintiff's Motion also fails to comply with the requirements of Rule 65 for the issuance of a TRO without notice to opposing parties. *See Bell v. Rankin*, No. 2:11–cv–168, 2011 WL 761544, at *1 (S.D. Ohio Feb. 24, 2011).

[3] Under Rule 12(b)(6), dismissal of a complaint is authorized for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Klusty v. Taco Bell Corp.,* 909 F.Supp. 516, 520 (S.D.Ohio 1995). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide " 'a short and

4

Based on the language used in the Complaint, it appears that Plaintiff intends to assert a violation of § 1985(2) and/or § 1985(3).  Section 1985(2) provides for a private cause of action against individuals who acts, by "force, intimidation, or threat," to obstruct justice or intimidate a party or witness to testify truthfully "in any court of the United States."  Plaintiff makes no allegation or argument that either Defendant was attempting to keep him from making truthful testimony in court.  Section1985(3) provides a private cause of action against those who conspire to "depriv[e], either directly or indirectly, any class of persons of the equal protections of the laws."  The Court notes that 42 U.S.C. § 1985(3) does not create substantive rights itself, but is a purely remedial statute. Instead, a plaintiff must support a § 1985(3) claim with allegation of a violation of an underlying right or privilege.

Generally, to prevail on a § 1985(3) claim, one must prove:  (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005).  As stated in *Center for Bio–Ethical Reforms, Inc. v. City of Springboro*, 477 F.3d 807 (6th Cir. 2007), ' "conspiracy claims must be pled with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state such a

---

plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) and Fed.R.Civ.P. 8(a)(2)).  While a plaintiff is not required to plead specific facts, the complaint must give the defendant fair notice of what the claim is, and the grounds upon which it rests.  *Nader v. Blackwell,* 545 F.3d 459, 470 (6th Cir.2008) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)).

claim.' " *Id*. at 832 (quoting *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003)).  "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. . . ." *Chumpia v. State of Tennessee*, 2014 U.S. Dist. LEXIS 53537 (W.D.Tenn.2014),

Not only has Plaintiff failed to allege that he was deprived of a right or privilege of a United States citizen remediable under § 1985(3), but Plaintiff has also failed to allege sufficient facts to support his claim of conspiracy with the required degree of specificity.  Instead, Plaintiff makes only a conclusory allegation that Defendants conspired to obstruct justice and deprive him of his rights.  He does not allege or plead specific facts demonstrating that Defendants had an agreement or plan to violate his constitutional rights or take any unlawful act.  Instead, Plaintiff alleges that Judge Rice issued an order barring his entry from the Courthouse and that Defendant Rose executed that order by preventing his entry and detaining him when he attempted to violate the order.  Such actions are not unlawful conduct.

For these reasons, Plaintiff's allegations fail to state a claim as a matter of law.  Thus, Plaintiff fails to demonstrate that he is likely to succeed on the merits of his claim.  Indeed, it appears that Plaintiff is *unlikely* to succeed on the merits.

### B.  Irreparable Harm

Neither can Plaintiff demonstrate that he will suffer of irreparable harm if injunctive relief is not granted.  Plaintiff's Motion argues only that irreparable harm will result to him because if he attempts to enter the courthouse – that is, if he violates the August 1, 2014 Court Order – could result in his detention, arrest, and prosecution. But even if the potential for his detention, arrest, and prosecution for violation of the Court

6

order could be considered "irreparable harm," there is only a mere possibility that such a result will occur – a possibility that is wholly within Plaintiff's control.  Plaintiff has not put forward any obligation or urgent necessity that would require him to physically enter the courthouse, and thereby result in his violation of the August 1, 2014.  The mere possibility that Plaintiff could face consequence for the violation of a court order is not enough, alone, to demonstrate a likelihood of irreparable harm for the purposes of injunctive relief.  Therefore, Plaintiff cannot demonstrate that he will suffer irreparable harm if the temporary restraining order is not issued.

### C.  Substantial Harm to Others

In assessing harm to others, the Court must "(1) balance the harm [p]laintiff would suffer if its request for a preliminary injunction were denied against the harm [d]efendants would suffer if an injunction were to issue, and (2) assess the impact the preliminary injunction might have on relevant third parties." *Merck Sharp & Dohme Corp. v. Conway*, 861 F. Supp .2d 802, 817 (E.D.Ky.2012).

There is no evidence on the record either way on the element of substantial harm, so this factor is neutral.  This Court takes note, however, that the August 1, 2014 Order that Plaintiff disputes was issued as a result of the increasingly disruptive nature of his frequent visits to the courthouse.  It seems likely that such behavior would reoccur if injunctive relief were granted lifting the August 1, 2014 Order.

### D.  Public Interest

The Court also finds that the public interest would not be served by issuance of a TRO in this matter, which effectively would overturn a well-reasoned order issued by a competent court after what appears to have been a long history of accommodating Plaintiff in his interactions with the court and court staff.

7

### E. Balancing of the Factors

Among the factors governing the issuance of an injunction, the 'likelihood of success' predominates. *Gallina v. Wyandotte Police Dept.*, 2008 WL 5090551, *4 (E.D.Mich. 2008). Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir.1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed."). The likelihood of success on the merits weighs strongly against denying injunctive relief, along with at least two other factors. Plaintiff is unlikely to succeed on the merits, has made no showing of irreparable injury, and public interest weighs against granting injunctive relief. Finally, there is a possibility of harm to others. No factor weighs in favor of granting injunctive relief here. Therefore, Plaintiff's Motion for Temporary Injunction is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Temporary Injunction (Doc. 3) and Plaintiff's First Addendum to the Motion for Temporary Injunction (Doc. 8) are **DENIED**. Plaintiff's Motion for Wavier of Security (Doc. 2) is **MOOT**.

**IT IS SO ORDERED.**

    s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  August 18, 2015**

8