IN THE UNITED STATES COURT

FOR THE SOUTHERN DISTRICT OF OHIO

WESTERN DIVISION AT DAYTON

CASE: 3:15 CV 257                    JUDGE: ALGERNON MARBLEY

WARREN EASTERLING

   Plaintiff

                                         PLAINTIFF'S: MOTION FOR RELIEF

                                         OF JUDGMENT OR ORDER (RULE 60B3)

Vs.

WALTER RICE AND JEREMY ROSE

   The Plaintiff will approach the court with his Rule 60B motion for relief of judgment or order in reference to a Rule 12(B6) motion to dismiss for failure to state a claim upon which relief can be granted.

   The case is reference to a fraudulent court order drafted by Walter H. Rice and enforced by the U.S. Federal Marshalls Service where the intent and result of the order, which was drafted with no basis in law, was to obstruct justice in reference to the Plaintiff entering the federal building in Dayton, Ohio to approach the clerk of court's office, a right guaranteed by the Fourteenth Amendment of the U.S. Constitution.

1

The Plaintiff has not been tried, or found guilty of any violation of law in reference to making entry into the federal building. Thus, the fraudulent court order was not derived from any matter properly placed before the court.

The un-disputed evidence presented within the complaint has the effect of a confession from all involved accused parties.

The Plaintiff intends to file an affidavit of disqualification of the current presiding judge.

THIS COURT MUST GRANT THE INSTANT MOTION FOR THE FOLLOWING REASONS:

1. JUDGMENT CONTRARY TO LAW(RULES OF PROCEDURE)/ FRAUD ON THE COURT.

THE DEFENDANT'S FAILED TO DENY THE ALLEGATIONS AND CANNOT PROVIDE ANY STATUTE UNDER WHICH THE BEHAVIOR IS LEGAL. CIV. R. 8D CONFIRMS THE EFFECT OF FAILURE TO DENY IS AN ADMISSION OF GUILT TO ALL OR PART OF THE ALLEGATIONS WHERE THIS FAILURE WOULD NEGATE A 12(B6) MOTION TO DISMISS. Thus, there is no basis in the rules of procedure for the court to grant the motion to dismiss.

The Defendant's, in their motion to dismiss, attempt to describe their behavior as legal but failed to provide a statute under which the behavior of violating one's Fourteenth Amendment rights would be legal. Furthermore, The Defendant's failed to describe a court proceeding involving the Plaintiff under which Walter Rice would have had personal jurisdiction of a case alleging unlawful acts capable of being remedied by a court of law where Walter Rice could, performing as a judge, legally issue the order represented by exhibit #1. Thus, there is no absolute judicial immunity.

2. JUDGMENT CONTARY TO LAW/FRAUD ON THE COURT

Title 42 U.S.C. 1985 confirms obstructing justice and deprivation of rights whether by conspiracy or not. The Plaintiff, in his well pleaded complaint,

has described with specificity alleged plausible acts committed by the Defendants which are in violation of law where this would prohibit a dismissal for failure to state a claim based upon U.S. Supreme Court case law prohibits the dismissal, see **Bell Atlantic Corp. V. Twombley 550 U.S. 544 (2007).** A federal district court has not authority to undermine Supreme Court case law; This would be fraud on the court.

B.  THE FIFTH AMENDMENT, AS INCORPORATED INTO THE FOURTEENTH AMENDMENTT CONFIRMS THERE IS NO LOSS OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW, NONETHELESS THE DEFENDANT IS RESPONSIBLE FOR LOSS OF LIBERTY WITH NO DUE PROCESS.

Defendant, Walter Rice, was not performing as a judge because he was not performing legally when he drafted a court order when there was no matter before the court. There was no basis for dismissal.

C.  THE RULING IN **EX PARTE YOUNG 209 U.S. 123(1908)** CONFIRMS A JUDGMENT CONTRARY TO LAW.

The holding Ex Parte Young was "No person can violate any other persons fourteenth amendment rights," where this is one additional expression of law confirming dismissal for failure to state a claim is contrary to law.

3.           JUDGMENT CONTRARY TO EVIENCE

THE DEFENDANTS HAVE CONFESSED TO THE CLAIMS ALLEGED

IN THE COMPLAINT.

The Plaintiff, in his well pleaded complaint, included exhibit #1, a copy of a document which is being enforced as a court order which has no statutory authority, no plaintiff but is signed by Walter H. Rice who is a judge where this exhibit would be a full confession of guilt of Rice's contribution in a conspiracy

3

against rights. Exhibit #4 is a Federal Marshalls incident report which perfectly describe an arrest of the Plaintiff and the use of force in order to enforce exhibit #1 along with a report from pretrial services confirming a four day jail stay (exhibit #5) to further enforce the fabricated court order to prevent the legal act of approach the clerk of court's office to enjoy due process where this evidence confirms the specific acts alleged in the claims for relief (obstruction of justice, deprivation of rights). The claims in the instant case can be remedied by this court, therefore, the 12(B6) dismissal is void.

4. DEFENDANTS HAVE UNCLEAN HANDS AND CANNOT PETITION THE COURT FOR RELIEF VIA A DISMISSAL.

THE DEFENDANTS HAVE NO BASIS TO CLAIM THE PLAINTIFF WAS A THREAT TO PUBLIC SAFETY.

The Defendants have never proved the Plaintiff was ever a threat to public safety. This false claim confirms unclean hands by the Defendant's since no weapons have ever been recovered from the Plaintiff's person. Thus there is no evidentiary basis to limit access to the courthouse, although this false claim confirm the intent to intimidate due process.

5. FRAUD/ USING POISONOUS FRUIT

THE DEFENDANT HAS ARGUED THE LEGITIMACY OF POISONOUS FRUIT

TO LEGITIMIZE ITS BASELESS MOTION TO DISMISS

The Defendants are knowingly using poisonous fruit to argue the basis for a 12(B6) motion to dismiss to create the false impression of the Plaintiff having no claim. The "court order" is fraudulent because there is no plaintiff, no corresponding complaint filed with the clerk of courts, no proof of service of the complaint and no valid case number. The poisonous fruit doctrine confirm poisonous fruit to is not admissible as evidence to corrupt a judgment.

4

6.                   FOR GOOD CAUSE SHOWN

THE DEFENDANT'S ATTORNEY IS A U.S. ATTORNEY WHO CANNOT ARGUE IN SUPPORT OF THE LAWLESSNESS OF ANY PERSON WHERE THIS WOULD BE FAUD ON THE COURT THEREIN SUBJECTING THE ATTORNEY TO A LAWSUIT.

Any argument in support of the obstruction of justice and deprivation of rights involves the attorney and the judge in a U.S. Court joining a conspiracy against rights. There would be no valid argument in support of a fraudulent court order which never cited any authority from U.S. Law, to support a motion to dismiss.

There has been no evidence to support any claim of the Plaintiff being a security threat and there has been no case adjudicating the Plaintiff guilty of breaching security. There is, however, undisputable evidence to support the claim of the Defendant attempting to deprive the Plaintiff of his Constitutional right to obtain due process free of intimidation, obstruction and interference and the use of force.

The U. S Attorney is supposed to uphold U.S. Law and the United States Court is entrusted with the duty to do the same.

FOR ALL OF THE ABOVE REASONS THE INSTANT MOTION MUST BE GRANTED.

Truly,

*/s/ Warren Easterling*

Warren Easterling

Plaintiff/ Attorney Pro Se

71 Arlington Ave.

Dayton, Ohio 45417

likesprettyfeet@yahoo.com

CERTIFICATE OF SERVICE

I, WARREN EASTERLING, CERTIFY THE FOLLOWING DOCUMENTS FILED WITH THE COURT AND MAILED VIA ORDINARY MAIL to U. S. Attorney's Office Attn: William King and Mathew Horowitz 221 East Fourth St., Suite 400 Cincinnati, OHIO 45202 ON March 8, 2016.

- PLAINTIFF'S RULE 60B MOTION FOR RELIEF OF JUDGMENT OR ORDER.

Truly,

Warren Easterling

PLAINTIFF / Attorney Pro se

71 Arlington Ave.

Dayton, Ohio 45417

937.263.1913

likesprettyfeet@yahoo.com